DECISION
This case arises from a drinking-and-driving accident. On January 1, 1999, after consuming "five beers, maybe more," defendant-appellant Mark Putnick drove his car into a disabled car located on the side of the road. Robert Bulach and Timothy Trader were standing by the disabled car, assisting the people in the car, when it was hit. As a result of the collision, Trader was killed and Bulach was seriously injured. Putnick was thereafter indicted for and, after pleading guilty, found guilty of (1) involuntary manslaughter of Trader while driving under the influence of alcohol; (2) aggravated vehicular homicide of Trader while under the influence of alcohol, drugs, or both; and (3) aggravated vehicular assault of Bulach while under the influence of alcohol, drugs or both. After a hearing, Putnick was found to be a repeat violent offender and sentenced.[1] Putnick has filed a timely notice of appeal alleging two assignments of error, neither of which is well taken.
In his first assignment of error, Putnick maintains that the trial court erred in finding that he was a repeat violent offender. Under the circumstances of this case, the validity of that determination depends on the satisfaction of two criteria found in R.C. 2929.01(EE): (1) the offender has been convicted of and is being sentenced for "aggravated murder, murder, involuntary manslaughter * * *";[2] and (2) the offender has previously served a prison term for a conviction of "aggravated murder, murder, involuntary manslaughter * * *"[3] or a substantially equivalent offense under an existing or former law of Ohio, another state, or the United States.[4]
After reviewing the record, we find no error in the trial court's classification of Putnick as a repeat violent offender. Putnick clearly satisfied the first criterion under R.C. 2929.01(EE), because he was, in the course of the proceedings below, convicted of and sentenced for involuntary manslaughter under Ohio law. It is further clear from the record that his prior conviction for involuntary manslaughter in Virginia satisfied the second criterion.
Involuntary manslaughter arising from the operation of a motor vehicle, as it existed under Virginia common law in 1987, involved an "accidental killing which, although unintended, [was] the proximate result of negligence so gross, wanton, and culpable as to show a reckless disregard of human life."[5] While the presence and level of intoxication in a given case did not necessarily prove the reckless disregard required under Virginia law, it did aid in a determination of a defendant's degree of negligence, whether ordinary, gross, or wanton.[6] Involuntary manslaughter in Ohio, as it is statutorily defined under R.C.2903.04(B), involves "caus[ing] the death of another * * * as a proximate result of the offender's committing * * * a misdemeanor of the first, second, third, or fourth degree or minor misdemeanor."[7] Where, as here, the underlying misdemeanor for Ohio's version of the offense is driving under the influence of alcohol, the required evidence of drunken operation may also be considered relevant for a showing of the reckless disregard necessary for the commission of the Virginia version of the offense in 1987. We conclude, therefore, that the two versions of the offense are substantially similar within the meaning of R.C.2929.01(EE)(2)(a)(ii).
Moreover, the record indicates that Putnick was sentenced to a ten-year prison term, with three years suspended, for the 1987 involuntary-manslaughter conviction in Virginia, and that he served almost one year of that term before being placed in a community-diversion program that led to probation. Although Putnick was permitted to serve his sentence in a local county jail pending a hearing by the Virginia court on a "motion for reduction or suspension of sentence," that did not change the nature of his sentence. Accordingly, we conclude that the record supports the trial court's conclusion that Putnick was a repeat violent offender. Therefore, we overrule his first assignment of error.
In his second assignment of error, Putnick alleges that the trial court erred by imposing maximum, consecutive sentences. Putnick was sentenced to five years in prison for involuntary manslaughter, eighteen months in prison for aggravated vehicular assault, ten years in prison for the repeat-violent-offender specification, and a mandatory lifetime driver's-license suspension.[8] The sentences were to be served consecutively.
During sentencing, the trial court must consider the purposes and principles of sentencing outlined in R.C. 2929.11. Under R.C. 2929.12(A), unless a mandatory term is required by R.C.2929.13(F) or 2929.14, the trial court has discretion to determine the most effective way to comply with the purposes and principles of sentencing. In exercising its discretion, the trial court must ordinarily consider the applicable seriousness and recidivism factors outlined in R.C. 2929.12(B) through (E) and any other relevant factors.[9] However, where an exclusion under R.C.2929.13(F) or 2929.14 applies, the trial court is not required to consider the other factors set forth in R.C. 2929.12.[10]
Here, the court specifically applied the factors found in R.C. 2929.12 when imposing the sentence for involuntary manslaughter. The court stated that it had considered the fact that the one dead victim had suffered serious physical, psychological, or economic harm, that Putnick had a history of prior convictions, and that he also had an unacknowledged substance-abuse pattern. However, pursuant to the plain language of R.C. 2929.14(D)(2)(a), it was not necessary for the trial court to consider the R.C. 2929.12 factors when imposing the prison term, because Putnick was a repeat violent offender who had been convicted of a felony.
Under R.C. 2929.14(C), the trial court may impose the longest prison term authorized by statute on offenders who commit the worst forms of the offense, offenders who pose the greatest likelihood of recidivism, certain major drug offenders, and certain repeat violent offenders.[11] R.C. 2929.14(D)(2)(a) provides the following with respect to repeat violent offenders:
 [i]f the court finds that the repeat violent offender, in committing the offense, caused any physical harm that carried a substantial risk of death to a person or that involved substantial permanent incapacity or substantial permanent disfigurement of a person, the court shall impose the longest prison term from the range of terms authorized for the offense under division (A) of this section.
When imposing a maximum term, the trial court must further make a finding that gives its reason for the imposition of the maximum term.[12]
Here, the trial court made its findings and gave its reasons for imposing the maximum prison term for involuntary manslaughter. The court found that Putnick was a repeat violent offender, that he had committed the worst form of the offense, and that he posed the greatest likelihood of recidivism because he had committed a similar offense in Virginia. Because the record clearly and convincingly supports the trial court's findings, we conclude that the trial court did not err in requiring Putnick to serve the maximum term for involuntary manslaughter.
The trial court also made findings and gave its reasons for imposing the maximum prison term for aggravated vehicular assault, a fourth-degree felony.[13] To sustain a sentence for a fourth-degree felony, the court would ordinarily have had to determine that (1) one or more of the factors in R.C.2929.13(B)(1) applied; (2) Putnick was not amenable to community control; and (3) a prison term was consistent with the purposes and principles of sentencing.[14] But its discretion under the circumstances of this case was limited by R.C. 2903.08(C), which states that the trial court shall impose a mandatory prison term on an offender who commits aggravated vehicular assault while driving under the influence of alcohol.[15] Because Putnick was driving under the influence of alcohol when he committed the offense, the trial court was required to impose a prison term within the range of six to eighteen months pursuant to R.C.2903.08(C).
In imposing the maximum prison term for Putnick's aggravated-vehicular-assault conviction, the trial court considered the appropriate seriousness and recidivism factors and found that Putnick had committed the worst form of the offense, that he possessed the greatest likelihood of recidivism, and that he was a repeat violent offender. After reviewing the record, we conclude that the trial court did not err in making these findings and imposing the maximum sentence, because that sentence was supported by clear and convincing evidence.
Finally, we conclude that the trial court's findings on the sentencing worksheet and in the record relating to the imposition of an additional ten years for the repeat-violent-offender specification under R.C. 2929.14(D)(2)(b) and the imposition of consecutive sentences under R.C. 2929.14(E)(4) are clearly and convincingly supported by the record. Accordingly, we overrule the second assignment of error and affirm the trial court's judgment.
Judgment affirmed.
 GORMAN, P.J., SUNDERMANN and WINKLER, JJ.
[1] Counts one and two contained repeat-violent-offender specifications, but the specification to count two was dismissed.
[2] R.C. 2929.01(EE)(1). A repeat violent offender is now defined under R.C. 2929.01(DD), but this amendment is inapplicable here.
[3] R.C. 2929.01(EE)(2)(a)(i).
[4] R.C. 2929.01(EE)(2)(a)(ii).
[5] King v. Commonwealth (1977), 217 Va. 601, 607, 231 S.E.2d 312,316.
[6] See Essex v. Commonwealth (1984), 228 Va. 273, 283,322 S.E.2d 216, 221-222.
[7] R.C. 2903.04(B) has been amended, but the amended version is inapplicable here.
[8] No sentence was given for the aggravated vehicular homicide because the court determined that it merged with the involuntary manslaughter.
[9] R.C. 2929.12 has been amended, but the amended version is inapplicable here.
[10] See State v. Licardi (Feb. 4, 1999), Cuyahoga App. No. 72171, unreported.
[11] R.C. 2929.14 has been amended, but the amended version is inapplicable here.
[12] See R.C. 2929.19(B)(2). This section has been amended, but the amended version is inapplicable here.
[13] Because the trial court did not find one of the factors listed in R.C. 2929.13(B), Putnick's appeal of right is preserved. See State v. Soifer (Sept. 24, 1999), Hamilton App. No. C-990078, unreported.
[14] See R.C. 2929.13(B)(1) and (2)(a). R.C. 2929.13 has since been amended, but the amended version is inapplicable here.
[15] See State v. Soifer, supra. R.C. 2903.08 has subsequently been amended, but the amended version is inapplicable here.